NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLTON NELSON, : | |
| Petitioner, : | Civil No. 13-3514 (CCC) |
| v. : | |
| OSCAR AVILES, et al., : | **OPINION** |
| Respondents. : | |

**APPEARANCES:**

Carlton Nelson, *Pro Se*
A# 41 068-351
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ 07032

**CECCHI, District Judge**

Petitioner Carlton Nelson ("Petitioner"), an immigration detainee presently confined at the Hudson County Correctional Center in Kearny, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continuing detention without a bond hearing. Oscar Aviles, Warden at the Hudson County Correctional Center where Petitioner is in custody, is a named

respondent.[1] Because it appears from a review of the parties' submissions that Petitioner is not entitled to the relief he seeks at this time, the Court will dismiss the petition.

## I. BACKGROUND

Petitioner is a native and citizen of Guyana, who has resided in the United States since 1987. (Petition, ¶ 9, 16). On or about June 27, 1996, Petitioner was convicted of Conspiracy to Possess with Intent to Distribute Cocaine, as well as other drug and weapons offenses, in the United States District Court, Middle District of Florida (Pet., ¶ 16; ECF No. 1 at p. 9 of 56). He was also convicted under Florida state criminal statutes for drug charges. (*Id.*). He was sentenced on June 27, 1996 to a term of 168 months with four years of supervised release on the federal charges. (Pet., ¶ 18).

On or about February 12, 2013, on the final day of his supervised release, Petitioner was taken into custody by the U.S. Department of Homeland Security ("USDHS"), Immigration and Customs Enforcement ("ICE"), and detained pursuant to the Immigration and Nationality Act ("INA") Section 236(c), 8 U.S.C. § 1226(c).

Petitioner was served with a Notice to Appear ("NTA"), charging

---

[1] Petitioner also has named various remote federal officials as respondents. However, the only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held. Accordingly, Warden Aviles is the only properly named respondent in this action, and the other named respondents shall be dismissed from this action with prejudice. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

him with removability under INA Section 237(a)(2)(A)(iii) (convicted of an aggravated felony for drug trafficking), Section 237(a)(2)(A)(iii) (aggravated felony relating to conspiracy), and Section 237(a)(2)(C) (convicted for weapons charge). (Notice to Appear, Pet., ECF No. 1 at pp. 9-10 of 56). At the time he filed his petition, petitioner stated that his immigration case was pending before an Immigration Judge, with his next hearing scheduled for July 26, 2013 (Pet., ¶ 20). As of the date of this Opinion, there are no additional updates regarding the status of his immigration case.

Petitioner filed this habeas petition on or about June 5, 2013. He contends that he is not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1226(c), because he was not taken into ICE custody when released from prison for a removable offense. (Pet., ¶ 21), and because he is not a danger to the community (Pet., ¶ 22).

## II. **RELEVANT STATUTES**

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings. Title 8 U.S.C. § 1226(a) provides the Attorney General with the authority to arrest, detain, and release an alien during the pre-removal-order period when the decision as to whether the alien will be removed from the United States is pending. The statute provides,

(a) Arrest, detention, and release

> On a warrant issued by the Attorney General, an alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole . . . .
>
> . . . .

8 U.S.C. § 1226(a) (emphasis added).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part that:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, ...
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1). Section 1226(c)(2) permits release of criminal aliens only under very limited circumstances not relevant

4

here. In short, detention under § 1226(a) is discretionary and permits release on bond, while detention under § 1226(c) is mandatory.

Title 8 U.S.C. § 1231(a) governs "post-removal-order" detentions. Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

Removal can be delayed, for example, by the need to make arrangements with the destination country. In addition, the removal period can be restarted multiple times by various superseding events, such as a new stay order or a detention on criminal charges. *See Sayed v. Holder*, 2012 WL 458424 (D.N.J. Feb.9, 2012). The United States Supreme Court has adopted a rule of thumb that a post-removal detention of up to six months is reasonable, but that a bond hearing may be required after that time. *See Zadvydas v. Davis*, 533 U.S.

5

678 (2001).

### III. ANALYSIS

#### A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989). Accordingly, this Court has subject matter jurisdiction over the petition under § 2241 because petitioner was detained within its jurisdiction in the custody of ICE at the time he filed his petition. See Spencer v. Kemna, 523 U.S. 1, 7 (1998).

#### B. Statutory Authority for Petitioner's Detention

Petitioner argues that he should not be subject to mandatory detention under Section 1226(c) because ICE did not immediately place him into custody when he was released from prison on the allegedly removable offense (Pet., ¶¶ 28, 29). Under 8 U.S.C. § 1226(c)(1)(B), the Attorney General shall take into custody "any alien who ... (B) is deportable by reason of having committed any offense covered in

6

Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, ... when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1)(B).

However, on April 22, 2013, the Third Circuit resolved this issue, reversing *Sylvain v. Holder*, 2011 WL 2580506 (D.N.J. June 28, 2011) on appeal, and holding that ICE does not lose its authority to impose mandatory detention under 8 U.S.C. § 1226(c), even if the Government has delayed in detaining the alien when the alien was released from state or federal custody. See *Sylvain v. Attorney General of United States*, 714 F.3d 150, 157 (3d Cir. 2013). The Third Circuit concluded:

> Our holding rests on a simple observation: even if the statute calls for detention "when the alien is released," and even if "when" implies some period of less than four years, nothing in the statute suggests that officials lose authority if they delay. With this holding, we neither condone government indolence nor express approval for the delay in this case. But as the Supreme Court has explained in a related context, "[t]he end of exacting compliance with the letter of [the statute] cannot justify the means of exposing the public to an increased likelihood of violent crime by persons on bail, an evil the statute aims to prevent." *Montalvo-Murillo*, 495 U.S. at 720. Accordingly, we will reverse the District Court's judgment.

*Id.* at 161.

The Third Circuit's mandate in *Sylvain* definitively bars

Petitioner's claim for habeas relief, which is based on the identical argument rejected in *Sylvain*, and thus makes Petitioner ineligible for a bond hearing under § 1226(a).

Moreover, as Petitioner only recently was taken into ICE custody in February of 2013 and his immigration proceedings are ongoing, Petitioner cannot assert a claim of unreasonably prolonged detention in violation of the Due Process Clause under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) (finding that Diop's nearly three year detention was unconstitutionally unreasonable and, therefore, a violation of due process). In *Diop*, the Third Circuit concluded that the mandatory detention statute, § 1226(c), implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. *See Diop*, 656 F.3d at 231. In this case, Petitioner's mandatory detention is less than six months, and he alleges no facts to show that his continued detention is or will become unreasonably prolonged or indefinite.

Nor does Petitioner allege any factual basis for his claim that his mandatory detention is not authorized under § 1226(c) because of a substantial challenge to removal. He simply asserts without elaboration that he is eligible for asylum, withholding, and

8

convention against torture. (Petition, ¶ 33.)

Finally, as discussed previously, § 1231(a) directs the Attorney General to remove aliens within ninety (90) days of the entry of a removal order. 8 U.S.C. § 1231(a)(1)(A). The statute then commands that "[d]uring the removal period, the Attorney General shall detain the alien", 8 U.S.C. § 1231(a)(2), and with respect to criminal recidivist aliens, specifically provides that, "[u]nder no circumstance during the removal period shall the Attorney General release an alien who has been found ... deportable under section 1227(a)(2) ... of this title." 8 U.S.C. § 1231(a)(2).

At the end of the ninety (90) day period, ICE may continue to hold the alien, or it may grant supervised release. 8 U.S.C. §§ 1231(a)(3) and (6). The discretion to detain an alien under § 1231(a) is limited by the Fifth Amendment's Due Process clause. *See Zadvydas*, 533 U.S. at 693-94. In *Zadvydas*, the United States Supreme Court interpreted § 1231(a)(6) to include "an implicit limitation" on detention. *Id.* at 689. The Court determined that "[§ 1231(a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Id. "[F]or the sake of uniform administration in the federal courts," the Court recognized six (6) months as a presumptively reasonable period of detention. *Id.* at 701.

In the instant case, post-removal order detention statues and case law obviously does not apply to Petitioner because he is currently in removal proceedings. Since the removal period begins on the "date the order of removal becomes administratively final," 8 U.S.C. § 1231(a)(1)(B)(i), Petitioner's removal period has not yet begun.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

_____
CLAIRE C. CECCHI
United States District Judge

Dated: July 31, 2013